# EXHIBIT 1

JORDAN P. BREWSTER, ESQ.
ATTORNEY ID # 002272011
LAW OFFICE OF JORDAN P. BREWSTER
431 Route 10 East, Suite 2A
Randolph, NJ 07869
973-500-6254
*Attorney for Plaintiff*

| | |
|---|---|
| SPECTRUM DATA SYSTEMS, LLC<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM INSURANCE CO.<br><br>Defendants. | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION: BERGEN COUNTY**<br>**DOCKET NO:**<br><br>Civil Action<br><br>**COMPLAINT FOR DECLARATORY**<br>**JUDGMENT AND OTHER RELIEF** |

Plaintiff, Spectrum Data Systems, LLC ("Spectrum"), by way of Complaint against Defendant, State Farm Insurance Company ("State Farm"), hereby alleges as follows:

## PARTIES

1. Spectrum is a limited liability company of the State of New Jersey, with offices at 3 Morgan Court, Montvale, New Jersey.

2. Upon information and belief, State Farm is an insurance company with a place of business located at One State Farm Plaza, Bloomington, Illinois, 61710. Upon information and belief, State Farm, now and at all times relevant to the allegations in this Complaint, was and is licensed or authorized by various states, including New Jersey, to sell insurance policies, including the policy at issue herein.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action because now and at all times relevant to the allegations in this Complaint, Spectrum has conducted business in New Jersey and State Farm was licensed and/or authorized to conduct business in New Jersey, including the selling of insurance policies, including the policy at issue herein.

4. Venue is proper within this County because Spectrum's Offices are in Bergen County and State Farm transacts business within Bergen County.

## FACTS COMMON TO ALL COUNTS

**The Policy**

5. State Farm issued Spectrum a commercial general liability insurance policy for the policy period April 5, 2011 to April 5, 2012, bearing policy number 90-BL-R941-2 (the "Policy").

6. The Policy was renewed every year by Spectrum from April 5, 2011 up through April 5, 2018.

7. The Policy provides coverage limits of $1,000,000 per occurrence under the Commercial General Liability Coverage Form. The Commercial General Liability Coverage Form provides the following Insuring Agreement:

> **COVERAGE L -**
>
> **BUSINESS LIABILITY**
>
> We will pay those sums that the insured becomes legally
>
> obligated to pay as damages because of **bodily injury**,
>
> **property damage, personal injury or advertising injury**
>
> to which this insurance applies.

2

8. The Policy goes on further to state:

This insurance applies only:

...to **advertising injury** caused by an occurrence committed in the **coverage territory** during the policy period. The occurrence must be committed in the course of advertising your goods, products or services.

9. "advertising injury" is defined under the Policy as follows:

"advertising injury" means:

...injury arising out of one or more of the following offenses:

a. oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

b. oral or written publication of material that violates a person's right of privacy;

c. misappropriation of advertising ideas or style of doing business; or

d. infringement of copyright, title or slogan;

10. "Occurrence" is defined under the Policy as:

a. an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in **bodily injury** or **property damage**; or

b. the commission of an offense, or a series of

3

similar or related offenses, which results in **personal injury** or **advertising injury**.

### The Underlying Complaint Against Spectrum

11. Spectrum formed and started operations in April of 2010.

12. Spectrum's primary business is the provision of Information Technology ("IT") support services for both hardware applications and software applications.

13. Spectrum formed in the wake of two of the members of the LLC departing from Computer and Financial Associates, Inc ("CAFA"), which also provided IT support services. Soon after departing CAFA, Spectrum told clients that they serviced as associates of CAFA that they were leaving CAFA and to contact them in the future if they needed any IT support services.

14. None of the members of Spectrum who worked for CAFA ever signed or executed a confidentiality agreement or a non-compete with CAFA during the time they worked there.

15. Starting in 2010 former CAFA clients came to Spectrum seeking IT support services. From 2010 through 2014, forty-four (44) former CAFA clients came to Spectrum for services. In each instance, Spectrum told the clients they could provide better service for less money. In each instance, work was performed, and fees collected. Many of these clients continued to be clients of Spectrum and paid Spectrum over the course of several years.

16. Most of the profits collected from these clients occurred during the coverage period of the plaintiff's State Farm Policy. Each time money was collected from these clients it, unknowingly by plaintiff, constituted a "commission of an offense, or a series of similar or related offenses, which results in personal injury or advertising injury" and was a type of offense

4

that the plaintiff believed was a "misappropriation of advertising ideas or style of doing business."

17. In August of 2016 CAFA filed suit against Spectrum and its members individually, alleging, among other things, breach of loyalty and lost profits resulting from the alleged poaching of CAFA clients over a roughly five-year period.

18. Unknown to Spectrum, CAFA and its principals, had hoped to sell their clients to another company in a complex profit-sharing deal that was unknown to plaintiff when plaintiff started servicing former CAFA clients.

19. When the lawsuit was filed plaintiff was shocked as the plaintiff did not have any agreements with CAFA as to solicitation of CAFA clients or servicing for profit for CAFA clients.

20. The suit bears the Docket Number BER-L-4629-16 (the "Underlying Action").

**Spectrum's Notice and Tender to State Farm**

21. Spectrum timely provided State Farm with a copy of the Complaint and requested coverage, both a defense and indemnification, under the Policy.

22. By letter dated September 19, 2016, State Farm issued a denial letter citing that the plaintiff's allegations only cited dates that were outside of the coverage period of the Policy. (See **Exhibit A** - Denial Letter from State Farm dated September 19, 2016).

23. Some time later Spectrum sent a supplemental claim letter to have State Farm reconsider its position, but State Farm relied upon it's September 19, 2016 letter's basis for denying Spectrum coverage. (See **Exhibit B** - Denial Letter from State Farm dated November 15, 2017).

5

### Current Status of Underlying Action and State Farm's Denial

24. The Underlying Action is currently in the process of being settled between the parties and a draft of a formal settlement agreement is being exchanged between the parties.

25. As a result of State Farm's denial of defense and indemnity Spectrum was forced to retain its own counsel to defend itself and its members from the claims of CAFA.

26. During the course of the litigation a large amount of discovery was exchanged by the parties and subpoenas issued to former clients of CAFA and current clients of Spectrum, much of which was invoices for services rendered.

27. Both parties retained economic experts, and each calculated what they believed to be lost profits due to CAFA based on their claims.

28. After almost two years of legal battling, with multiple depositions and the retention of experts, mounting legal costs led Spectrum to seek a resolution of the suit.

29. Based on the calculations of the profits collected by Spectrum, via invoices and income tax records, the parties have agreed to settle the matter for $175,000.

30. Although plaintiff vehemently denies the allegations of CAFA, plaintiff's ongoing legal costs over the course of almost two years have become a threat to Spectrum's ongoing business operations.

31. The reality of the legal costs associated with trying the matter without any guarantee of success on the merits were too high a risk for the plaintiff to bear financially. This reality led the plaintiff to negotiate a settlement with CAFA to put a stop to mounting legal costs and deal with the unknow risk and high cost associated with trying the matter, which could have easily bankrupted plaintiff.

32. As a result of Spectrum having to bear all of its own legal costs affiliated with defending them from the claims of plaintiff, Spectrum has expended approximately $85,000 in legal fees.

33. Combined, Spectrum will have paid in damages and legal fees, alone, over $260,000.

34. These costs as well as other associated costs have caused plaintiff damages and have had there business operations affected/effected by the Underlying Action.

35. State Farm's stated reason for denial of coverage under the Policy is faulty and in bad faith as most of the alleged breach of loyalty by accepting former CAFA clients occurred during the coverage period of the Policy. Further, as noted by the definition of "occurrence" as set forth above and in the Policy, an occurrence can be construed as "...a series of similar or related offenses, which results in **personal injury** or **advertising injury**" meaning that not just one event outside the coverage period that determined the liability of the insured as it relates to policy coverage, but a series of events, the collection of profits and solicitation of former CAFA clients, which mostly occurred during the policy coverage period.

36. State Farm waived its right to reserve its rights to the decisions made by plaintiff as it relates to the Underlying Action by issuing two denial letters, fully denying coverage to plaintiff on two separate occasions.

37. As such, Spectrum seeks a declaration that State Farm is obligated to fully indemnify Spectrum for any and all liability calculated against it in the Underlying Action.

7

## FIRST COUNT
### (Declaratory Judgment)

38. Spectrum repeats and incorporates the allegations contained in the previous paragraphs as if fully set forth herein.

39. Spectrum has performed all of its obligations under the Policy. State Farm has a duty under the Policy to defend and indemnify Spectrum with respect to all claims asserted against it in the Underlying Action.

40. Spectrum is entitled to a judicial determination, pursuant to *N.J.S.A.* 2A:16-50, *et seq.*, that State Farm is obligated under the Policy to provide Spectrum with a full defense and indemnification with respect to all claims asserted against it in the Underlying Action.

**WHEREFORE**, Spectrum demands judgment against State Farm for:

a. a declaration that there is coverage under the Policy for those causes of action asserted against Spectrum in the Underlying Action, including any and all resulting liability;

b. compensatory and consequential damages;

c. pre-judgment and post-judgment interest;

d. attorneys' fees and costs Spectrum incurred in defending against any and all claims asserted in the Underlying Action;

e. attorneys' fees and costs incurred in prosecuting this coverage action pursuant to *R.* 4:42-9(a)(6); and

f. such other and further relief as the Court may deem just and proper.

## SECOND COUNT
## (Breach of Contract)

41.  Spectrum repeats and incorporates herein by reference as if fully set forth each and every allegation contained above with the same force and effect.

42.  Spectrum performed all of its obligations due and owing under the Policies.

43.  State Farm is obligated under the Policies to provide Spectrum with a full defense and indemnification against all claims asserted against Spectrum in the Underlying Action.

44.  In breach of its insurance contracts, State Farm has failed to honor and/or acknowledge its contractual obligations to provide Spectrum with a full defense and indemnification for all costs incurred by Spectrum in connection with the Underlying Action.

45.  State Farm is further obligated under the Policies to provide Spectrum with its coverage and/or settlement position in a timely manner.

46.  In breach of this obligation, State Farm failed and refused, despite requests from Spectrum for State Farm to provide coverage and defense of the Underlying Action.

47.  As a result of State Farm's breach of the Policies, Spectrum has sustained substantial damages.

**WHEREFORE,** Spectrum demands that judgment be entered against State Farm awarding Spectrum:

    a.  compensatory and consequential damages;

    b.  pre-judgment and post-judgment interest;

    c.  attorneys' fees and costs it has incurred and will incur in defending against and settling the claims asserted against Spectrum in the Underlying Action;

    d.  attorneys' fees and costs it has incurred and will incur in prosecuting this coverage action pursuant to *R.* 4:42-9(a)(6); and

9

  e. such other and further relief as the Court may deem just and proper.

## THIRD COUNT
### (Breach of Good Faith and Fair Dealing/Bad Faith)

48. Spectrum repeats and incorporates herein by reference as if fully set forth each and every allegation contained above with the same force and effect.

49. The Policies referenced above, as with all contracts, contain an implied covenant of good faith and fair dealing.

50. State Farm knew or should have known that it had a duty and obligation to defend and indemnify Spectrum with respect to the Underlying Action.

51. State Farm breached its duty of good faith by failing and refusing, without reasonable basis, to provide Spectrum with coverage and a defense to the Underlying Action.

52. As a result of State Farm's breach of its duty of good faith and fair dealing with respect to its contractual obligations under the Policies, Spectrum has been harmed and has sustained substantial damages.

**WHEREFORE,** Spectrum demands that judgment be entered against State Farm awarding Spectrum:

  a. compensatory and consequential damages;

  b. punitive damages;

  c. pre-judgment and post-judgment interest;

  d. attorneys' fees and costs it has incurred and will incur in defending against and settling the claims asserted against Spectrum in the Underlying Action.;

  e. attorneys' fees and costs it has incurred and will incur in prosecuting this coverage action pursuant to *R.* 4:42-9(a)(6); and

  f. such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Spectrum demands a trial by jury as to all issues so triable.

### NOTICE OF DESIGNATION OF TRIAL COUNSEL PURSUANT TO RULE 4:25-4

Pursuant to Rule 4:25-4, Jordan P. Brewster, Esq., is hereby designated trial counsel for Plaintiff, Spectrum Data Systems, LLC.

### CERTIFICATION PURSUANT TO RULE 4:5-1(b)(2) AND RULE 4:6-1

I hereby certify as follows:

1. Other than the Underlying Action, BER-L-4629-16, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated at this time;

2. At this time, I know of no other parties who should be joined in this action pursuant to Rule 4:28 or who is subject to joinder pursuant to Rule 4:29-1(b); and

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

LAW OFFICE OF JORDAN P. BREWSTER
431 Route 10 East, Suite 2A
Randolph, NJ 07869
973-500-6254
*Attorneys for Plaintiff*

By: /s/ Jordan P. Brewster
JORDAN P. BREWSTER

Dated: May 14, 2018

11

# EXHIBIT A

Oct. 4. 2016  8:23AM                                                                                    No. 2230   P. 2

**State Farm**

State Farm Fire and Casualty Company

September 19, 2016

Spectrum Data Systems LLC         State Farm Insurance Companies
c/o Janusz Kranjnik               Fire Claims
160 Laauwe Ave.                   PO Box 106169
Wayne NJ 07470-2656               Atlanta GA 30348-6169
                                  Fax 844 236 3646

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

RE:   Claim Number:     30-9C57-387
      Policy Number:    90-BQ-K899-6
      Date of Incident: June 4, 2010
      Style of Case:    Computer and Financial Associates, Inc and Naomi Levine v.
                        Spectrum Data Systems LLC, et al.

Dear Mr. Kranjnik:

We have reviewed the above-referenced lawsuit filed against you by Computer and Financial Associates and Naomi Levine.

The claims being made by the Plaintiff are not covered by your Business Service policy, which became effective on April 5, 2011.

This suit arises from incidents that occurred between June 18, 2010 and June 23, 2010. Since you did not have a policy in force with State Farm Insurance when the incidents occurred, we are unable to provide coverage to you, or anyone making a claim for defense or indemnity, under your policy.

Although we are unable to provide coverage to you for this claim, we hope we have handled your claim in a prompt, courteous, and professional manner. We understand you do have a choice when it comes to your insurance and we appreciate the fact that you have chosen State Farm to be your carrier.

The specific reasons for denial set forth above are not intended, nor shall they be construed, to waive or alter any of the other terms, conditions, exclusions, or provisions of the policy of insurance or any defenses this Company may have.

If you have any additional questions or concerns, please contact Claim Specialist, Brian Matarese, at (610) 358-7318, and he will be happy to assist you.

Sincerely,

Richard Marks
Claims Team Manager
(610) 358-7714
State Farm Fire and Casualty Company

Home Office, Bloomington, IL

# EXHIBIT B

Providing Insurance and Financial Services
Home Office, Bloomington, IL



November 15, 2017

Jordan Brewster                                   State Farm Claims
The Levine Law Firm, LLC                          PO Box 106169
0-99 Plaza Rd                                     Atlanta GA 30348-6169
Fair Lawn NJ 07410-2926

RE:   Claim Number:      30-9C57-387
      Date of Loss:      June 04, 2010
      Our Insured:       Spectrum Data Systems Llc
      Plaintiff:         Computer and Financial Associates

Dear Mr. Brewster:

We have completed our coverage review arising from the lawsuit filed by Computer and Financial Associates. At this time we are standing by our initial coverage disclaimer issued on September 19, 2016 that the claims being made by the plaintiff did not occur during the policy period.

I have enclosed a copy of the original disclaimer with this letter.

If you have any additional information that you would like State Farm to consider please feel free to forward it to my attention.

Sincerely,

Brian Matarese
Claim Specialist
(844) 458-4300 Ext. 6103587318
Fax:   (844) 236-3646

State Farm Fire and Casualty Company

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-003582-18**

**Case Caption:** SPECTRUM DATA SYSTEM S, LLC VS STATE FARM INS. C
**Case Initiation Date:** 05/14/2018
**Attorney Name:** JORDAN P BREWSTER
**Firm Name:** JORDAN P. BREWSTER
**Address:** 431 ROUTE 10 EAST STE 2A
RANDOLPH NJ 07869
**Phone:**
**Name of Party:** PLAINTIFF : Spectrum Data Systems, LLC
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
  **If yes, for what language:**


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/14/2018                                                          /s/ JORDAN P BREWSTER
Dated                                                                                    Signed