# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPECTRUM DATA SYSTEMS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM INSURANCE CO., <br><br> Defendant. | Civil Action No. <br><br> 2:18-CV-10318-ES-SCM <br><br> **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO SEVER** <br><br> [D.E. 12] |

**MANNION**, Magistrate Judge:

Now before the Court is Defendant State Farm Insurance Co.'s ("State Farm") motion to sever the bad faith claim of Plaintiff Spectrum Data Systems, LLC ("Spectrum") and stay that claim pending resolution of Spectrum's breach of contract claim.[1] Spectrum opposes the motion.[2] Counsel informally conferenced the motion with the Court on January 7, 2019. For the reasons stated below, State Farm's motion to sever is **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Spectrum, whose primary business is providing information technology support services for hardware and software applications, is a New Jersey limited liability company."[3] State Farm is authorized to sell insurance policies to businesses located in New Jersey.[4] "State Farm issued Spectrum a commercial general liability insurance policy for

---

[1] (ECF Docket Entry ("D.E.") 12, Joint Dispute Letter). The Court will refer to documents by their document entry number and page numbers assigned by the Electronic Case Filing System.

[2] *Id.*

[3] (D.E. 1-1, Notice of Removal, at 2,5).

[4] *Id.* at 2.

the policy period [of] April 5, 2011 to April 5, 2012." This dispute arises out of State Farm's alleged breach of that insurance contract.[5]

Spectrum alleges that State Farm acted contrary to the terms of the insurance contract when it failed to cover Spectrum's defense and indemnification costs in a breach of loyalty lawsuit in which Spectrum was the Defendant.[6] On May 14, 2018, Spectrum filed its complaint in New Jersey Superior Court.[7] The action was removed to this Court on June 8, 2018.[8] Spectrum's complaint consists of three counts: (Count I) "Declaratory Judgment;" (Count II) "Breach of Contract;" and (Count III) "Breach of Good Faith and Fair Dealing/Bad Faith."[9]

## II. MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[10] This District specifies that magistrate judges may determine all non-

---

[5] *Id.* at 3.

[6] *Id.* at 6.

[7] *Id.* at 2.

[8] (D.E. 1, Notice of Removal, at 1)

[9] (D.E. 1-1, Notice of Removal, at 9-11).

[10] 8 U.S.C. § 636(b)(1)(A).

dispositive pre-trial motions, which includes discovery motions.[11] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[12]

### III. DISCUSSION & ANALYSIS

Under Rule 21, the Court has discretion to sever and stay any claim.[13] "Severing claims under Rule 21 is appropriate where the claims to be severed are discrete and separate so that one claim is capable of resolution despite the outcome of the other claim."[14] "The factors courts consider in determining whether severance is warranted include: (1) whether the issues sought to be tried separately are significantly different from one another[;] (2) whether the separable issues require the testimony of different witnesses and different documentary proof[;] (3) whether the party opposing the severance will be prejudiced if it is granted[;] and (4) whether the party requesting severance will be prejudiced if it is not granted."[15]

It is common practice in both state and federal court to sever "breach of insurance contract claims from bad faith claims … and … [to] proceed[] with the bad faith claims

---

[11] L. Civ. R. 72.1(a)(1); 37.1.

[12] 28 U.S.C. § 636(b)(1)(A).

[13] *See Riverview Towers Apartment Corp. v. QBE Ins. Corp.*, No. CIV. 14-6744 JBS/JS, 2015 WL 1886007, at *1 (D.N.J. Apr. 17, 2015).

[14] *Id.*

[15] *Id.*

[only] if necessary following the adjudication of the contract claim."[16] This Court did just that in the case of *Legends Management Co. v. Affiliated FM Ins., et al.*[17] Because breach of insurance contract claims concern "[p]olicy [coverage] while ... bad faith claims concern [the insurer's] general claims handling procedures, its claims conduct in [the] case [at issue], and its knowledge and state of mind about the grounds for denial of coverage," the Court found the first factor to weigh in favor of severance.[18] The Court also found the second factor to weigh in favor of severance due to the fact that bad faith claims, unlike breach of insurance contract claims, require witness testimony and documentary proof regarding facts "not directly relevant to the first-party claim."[19] The Court explained that such "discovery distracts from the primary focus of the case[, which is] whether [the insured's] first-party claim should be paid and if so the amount of payment."[20]

The Court found the third factor to weigh in favor of severance as well when, as in that case, "relatively little discovery has been exchanged."[21] In such a case, the Court noted, severance does not prejudice the insured because as long as it prevails "on [its] breach of contract claim[, it is not denied the opportunity] ... to pursue [a] bad faith claim[]," albeit

---

[16] *See Legends Mgmt. Co. v. Affiliated FM Ins.*, No. 16CV1608SDWSCM, 2017 WL 4284491, at *2 (D.N.J. Sept. 26, 2017).

[17] *Id.* at *4.

[18] *Id.* at *3.

[19] *Id.*

[20] *Id.*

[21] *Id.*

4

at a later time.[22] Finally, the Court found the fourth factor to weigh in favor of severance due to the fact that, if required to litigate the bad faith claim prior to the resolution of the breach of insurance contract claim, the insurer would "suffer significant expenditure of time and money, [which would be] rendered needless if" it were to prevail on the breach of insurance contract claim.[23]

Because this case is analogous to the *Legends Management Co.* case, State Farm's motion to sever is **GRANTED**. The Court first considers "whether the issues sought to be tried separately are significantly different from one another."[24] As the Court explained in *Legends Management Co.*, in this instance, they are. Spectrum's breach of insurance contract claim concerns coverage under the policy.[25] Its bad faith claim, on the other hand, concerns State Farm's "general claims handling procedures, its claims conduct in [the] case [at issue], and its knowledge and state of mind about the grounds for denial of coverage."[26] Accordingly, the first relevant factor weighs in favor of severance.

Secondly, Spectrum's breach of insurance contract and bad faith claims require the testimony of different witnesses and different documentary proof. As the Court explained in *Legends Management Co.*, Spectrum's bad faith claim, unlike its breach of insurance

---

[22] *Id.*

[23] *Id.*

[24] *Id.* at *1.

[25] *Id.* at *3.

[26] *Id.*

contract claim, requires witness testimony and documentary proof regarding facts "not directly relevant to [its] first-party claim."[27] This is evidenced by Spectrum's interrogatories and document requests, which seek, for example: (1) "the written procedures or policies ... [State Farm] maintained for [its] internal or third-party adjusters to use in connection with handling commercial general liability claims;"[28] (2) "the number of commercial general liability claims reviewed by Brian Matarese for State Farm from January 2012 ... to January 2017;"[29] (3) "documents ... relating to any communications between [State Farm] and the State of New Jersey or its agencies and employees regarding commercial general liability policies intended to be sold, marketed or underwritten by State Farm in the State of New Jersey;"[30] (4) "all documents ever prepared by Brian Matarese [and Richard Marks] with respect to any task assigned to"[31] them; (5) the "[p]ersonnel file[s] of Brian Matarese [and Richard Marks,] ... including [their] application[s] for employment, resume[s], evaluations performed by supervisors, evidence of bonuses received, [and] evidence of awards given;"[32] and (6) "[a]ll underwriting files, documents and guidelines including underwriting handbooks and manuals relating ... generally to

---

[27] *Id.*

[28] (D.E. 13, Pl.'s Letter, at 10).

[29] *Id.* at 10.

[30] *Id.* at 13.

[31] *Id.* at 14.

[32] *Id.*

[State Farm's] underwriting department, and or relating to [State Farm's] business."[33] As the Court noted in *Legends Management Co.*, this "discovery distracts from the primary focus of the case[, which is] whether [the insured's] first-party claim should be paid and if so the amount of payment."[34] As a result, the second relevant factor also favors severance.

Thirdly, Spectrum will not be prejudiced if its bad faith claim is severed and stayed. In *Legends Management Co.*, the Court explained that the third factor weighs in favor of severance when "relatively little discovery has been exchanged."[35] In this case, as State Farm noted in the parties' joint dispute letter, "no discovery has been exchanged to date other than Rule 26 disclosures."[36] Additionally, as the Court noted in *Legends Management Co.*, even if its bad faith claim is severed and stayed, as long as Spectrum prevails on its breach of contract claim, it will not lose the ability to pursue its bad faith claim at a later time.[37] Accordingly, the third relevant factor favors severance.

Lastly, the Court considers whether State Farm will be prejudiced if severance is not granted. The Court finds that it will be. As the Court explained in *Legends Management Co.*, if State Farm is required to litigate Spectrum's bad faith claim prior to the resolution of the breach of insurance contract claim, it will be forced to expend "time and money" on the bad faith claim even though the expenditure could be rendered needless if it prevails

---

[33] *Id.* at 15.

[34] *See Legends Mgmt. Co.*, No. 16CV1608SDWSCM at *3.

[35] *Id.*

[36] (D.E. 12, Joint Dispute Letter, at 5).

[37] *See Legends Mgmt. Co.*, No. 16CV1608SDWSCM at *3.

7

on the breach of insurance contract claim.[38] Accordingly, the fourth and final relevant factor favors severance.

## III. **CONCLUSION**

This Court concludes that Count III should be severed and the bad faith issues stayed pending the adjudication of the breach of insurance contract claim as pled in Count

For the foregoing reasons,

**IT IS** on this Friday, January 18, 2019,

**ORDERED** that State Farm's motion to sever Count III of Spectrum's complaint and stay the severed action pending resolution of Count II (D.E. 12) is **GRANTED**.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

1/18/2019 11:48:15 AM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File

---

[38] *Id.*